## Greene v. Prospect Park Borough Council

*Jon J. Auritt,* for plaintiff.
*Howard Cohen,* for defendant.

REED JR., *J.,* July 13, 1987—This matter is before the court on plaintiff, Prospect Park Mayor Theresa Greene's application for a preliminary injunction against the Prospect Park Borough Council to enjoin members of the borough council and the po-

lice department from denying her full, unsupervised, unlimited and unconditional access to all police department files and records.

The only question to be determined at a hearing on an application for preliminary injunction is whether it is necessary to maintain status quo until trial, or whether there is an urgent necessity for interim relief until the case can be heard on the merits.

Since March 1987, the police files have been locked except to police personnel pursuant to 18 Pa.C.S. §9101 et seq. Information contained in the locked police files consists mainly of: (a) felony and misdemeanor cases, and (b) summary cases under either statute or borough laws. Plaintiff has accordingly been denied a key to these locks, yet borough council alleges that she does have access to materials relating to summary cases and other offenses, including daily logs of officers' activities, copies of incident reports on all police calls and copies of daily citations. Nonetheless, the mayor does not have a key to these files and *direct* access is thereby impeded.

The issue before this court is whether a preliminary injunction should be granted allowing the mayor full, unconditional and unlimited access to all police files and records, including felony and misdemeanor investigation files that contain Criminal History Act information.

Under the Pennsylvania Criminal Code 18 P.S. Chapter 9101 et seq., rules are promulgated relating to criminal records. A criminal justice agency is defined to include municipal police departments. Section 9131 sets forth that every criminal justice agency collecting or storing criminal history record information shall ensure the confidentiality and se-

curity of such information by:

(a) instituting procedures to reasonably protect the files from theft, fire, sabotage, etc.; and

(b) selecting, supervising and training all personnel authorized to have access to criminal history information.

It is the position of the borough council that because the mayor is not a trained police officer under the Mandatory Police Training Act and because statutory definition of police department does not include the mayor, the mayor does not fall within the class of persons entitled to direct access to the files.

We are of the opinion based on the Pennsylvania Borough Code that the mayor is the chief law enforcement official:

"The mayor of the borough shall have full charge and control of the chief of police and the police force, and [s]he shall direct the time during which, the place where and the manner in which, the chief of police and the police force shall perform their duties. . . ." 53 P.S. §46121.

Furthermore, the Prospect Park Code, Ordinance no. 951, Chapter 27 (Police Department), §4 states:

"The chief of police and all members of the police department shall be under the supervision of the mayor. . . ."

It is difficult to rationalize why one who is mandated under the borough code to supervise the chief of police, as well as the entire police department, should be accorded fewer rights than those whom she is authorized and empowered to supervise. With further reference to the Pennsylvania Borough Code:

"Absent an ordinance defining their duties, officers of a police department within borough have no more authority than that designated by mayor." 53

P.S. §46121. See also, *Slifer v. Dodge*, 26 Pa. Commw. 99, 362 A.2d 471 (1976).

The concern of the borough council for the security and confidentiality of police files and records stems from P.S. §9101, et seq.; specifically sections 9181 and 9183, which provide penalties for violation of the provisions of the act, including civil actions by persons whose information may be improperly disclosed: real damages of $100 for each violation plus costs and attorney's fees plus exemplary and punitive damages of not less than $1,000 nor more than $10,000.

While the concern for the security and confidentiality of police files and records is a legitimate one, as to the mayor, it is of no less concern. The mayor, as chief law enforcement official in the borough and as supervisor of the police, is not an "outsider" against whom confidentiality and security must be maintained. She is the duly elected person in charge of the police department and is subject to the prohibitions and penalties of Criminal History Information Act, the same as any policeman.

The mayor "shall have full charge and control" of the police and she "shall direct the time during which, the place where and the manner" in which the police shall perform their duties. Pa. Borough Code 53 P.S. §46121. To impede Mayor Greene's access to police records and files significantly impinges upon her ability to carry out her statutory duties, which include but are not limited to:

(a) insuring the fidelity and integrity of members of the police department;

(b) determining if members of the police department are capably, effectively and efficiently carrying out their functions;

(c) having sufficient information to be able to su-

pervise and, when necessary, make changes within the police department;

(d) having sufficient information to make recommendations to borough council for police promotions, demotions or reduction in rank.

We must note that it is to maintain public control that the mayor is granted her authority to assure that the *appointed* police officials carry out their duties to the public. For these reasons we must conclude that impeding Mayor Greene's direct access to police files and records irreparably harms her ability to fulfill her sworn duties, obligations and responsibilities in her elected office. Accordingly, we will grant the preliminary injunction, allowing Mayor Greene to have full, unsupervised, unlimited and unconditional access to all police department files and records.

## ORDER

And now, this July 13, 1987, it is hereby ordered and decreed that plaintiff, Prospect Park Mayor Theresa A. Greene's motion for a preliminary injunction against the Prospect Park Borough Council to enjoin both the members of borough council and the police department from denying her full, unsupervised, unlimited and unconditional access to all police department files and records, be and the same is granted.

The borough council is hereby preliminarily enjoined until further order of this court from hindering or impeding Mayor Greene's direct access to all police files and records, or in any manner limiting her in the performance of her sworn duties, obligations and responsibilities as the chief law enforcement official in the borough of Prospect Park, Delaware County, Pa.